## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **MAR'BELLA SANDOVAL,** Individually and on behalf of all others similarly situated | § § § | Civil Action No. 18-cv-1562 |
| | § | **JURY TRIAL DEMANDED** |
| *Plaintiff,* | § § | |
| v. | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **SERCO, INC.** | § § | |
| *Defendant.* | § § | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3)** |

## PLAINTIFF'S COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Mar'Bella Sandoval ("Plaintiff" or "Sandoval") brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Serco, Inc. (hereinafter "Defendant" or "Serco"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and pursuant to the Missouri Act, MO. REV. STAT. §§ 290.500, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while her Missouri state-law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the State of Missouri.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Serco in call centers throughout the United States at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, Serco has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. Serco's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Serco has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant statutes of limitation.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Missouri state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Missouri state-law claims as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Sandoval designated herein be named as Class Representative for the Missouri Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Mar'Bella Sandoval ("Sandoval") was employed by Serco during the relevant time period. Plaintiff Sandoval did not receive compensation for all hours or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former hourly call-center employees who were employed by Serco at any time during the relevant statutes of limitation through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Serco worked and was paid.

13. Defendant Serco, Inc. is a foreign for-profit entity, licensed to and doing business in Missouri, and can be served with process through its registered agent: **CT CORPORTION SYSTEM, 120 South Central Avenue, Clayton, Missouri 63105.**

---

[1] The written consent of Mar'Bella Sandoval is hereby attached as Exhibit "A."

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. This Court has supplemental jurisdiction over the additional Missouri state-law claims pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over Serco because the cause of action arose within this district as a result of Serco's conduct within this District and Division.

17. Venue is proper in the Eastern District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Serco has maintained a working presence throughout the State of Missouri (and the United States), and Plaintiff Sandoval worked in Wentzville, Missouri throughout her employment with Serco, all of which are located within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

20. Serco is a multinational services company that is headquartered in Reston, Virginia with locations in forty-five (45) states, four Canadian provinces and fourteen (14) countries around the world.[2] Serco's call centers operate throughout the United States and primarily serve federal, state, and local governments.[3]

---

[2] https://www.serco-na.com/about/locations.

[3] https://www.serco-na.com.

*Plaintiff's Original Class/Collective Action Complaint*                                                                 Page 4

21. Plaintiff and the Putative Class Members' job duties generally consisted of answering phone calls made by Serco's clients' customers, answering customer inquiries, and generally assisting customers with their inquiries.

22. Plaintiff Sandoval was employed by Serco in customer service in Wentzville, Missouri from approximately October 2016 until February 2018.

23. Plaintiff and the Putative Class Members were (and are) non-exempt call-center employees who were (and are) paid by the hour.

24. Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

25. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four hours "off-the-clock" per week and have not been compensated for that time.

26. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Serco as a result of Serco's corporate policy and practice of paying its employees only for their scheduled shifts; that is, requiring its hourly call-center employees to clock-in only when ready to take their first call, at the start of their scheduled shift, and to work after their scheduled shifts had ended.

27. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different Serco computer programs, log in to each Serco program, and ensure that each Serco program is running correctly—all of which can take up to twenty minutes—before they are able to take their first phone call, which comes in as soon as their official shift starts.

28. In addition, Serco frequently required Plaintiff and the Putative Class to assist customers after the end of their scheduled shifts, and to remain at their computers during the lengthy

shut-down process, activities which were performed after the employees' scheduled shifts had concluded.

29. Plaintiff and the Putative Class Members were not compensated during their start-up time, although they were expected to have completed this process in advance of their official start time.

30. Nor were Plaintiff and the Putative Class Members compensated for the time they worked for Serco after their shifts ended although they were required to continue assisting customers or waiting by their computers during the lengthy shut-down process.

31. Serco required Plaintiff and the Putative Class Members to be logged on and have all the requisite computer programs running before their first phone call, at the start of their official shift.

32. Serco also forced Plaintiff and the Putative Class Members to remain call available until the end of their scheduled shift, at which point they were clocked out despite having to complete their pending call, log out of all open programs, and shut down their computers.

33. As such, Serco required (and continues to require) Plaintiff and the Putative Class Members to perform their start-up and shut-down tasks "off-the-clock" (and without pay) before their official shift begins, and after their official shift ends.

34. As a result of Serco's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform these start-up and shut-down tasks while off-the-clock before the beginning of their shifts, and after the ends of their shifts, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

35. Serco has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

36. Serco is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members, but has failed to do so.

37. Because Serco did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Serco's pay policies and practices violate the FLSA.

38. Because Serco did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of Serco, Serco's pay policies and practices also violate Missouri state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY SERCO, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM SEPTEMBER 17, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

41. At all times hereinafter mentioned, Serco has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times hereinafter mentioned, Serco has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has,

an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Serco, these individuals have provided services for Serco that involved interstate commerce for purposes of the FLSA.

44. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of Serco who assisted Serco's customers throughout the United States. 29 U.S.C. § 203(j).

46. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 40.

48. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Serco.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

49. Serco has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

50. Moreover, Serco knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

51. Serco knew or should have known its pay practices were in violation of the FLSA.

52. Serco is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

53. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Serco to pay them according to the law.

54. The decision and practice by Serco to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

55. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C. COLLECTIVE ACTION ALLEGATIONS**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Serco's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

58. Other similarly situated employees of Serco have been victimized by Serco's patterns, practices, and policies, which are in willful violation of the FLSA.

59. The FLSA Collective Members are defined in Paragraph 40.

60. Serco's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Serco, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

61. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

62. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

63. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

64. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

65. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Serco will retain the proceeds of its violations.

66. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

67. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 40 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Missouri Act)

**A.     MISSOURI ACT COVERAGE**

68.     All previous paragraphs are incorporated as though fully set forth herein.

69.     The Missouri Act Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY SERCO, INC., IN MISSOURI, AT ANY TIME FROM SEPTEMBER 17, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Missouri Class" or "Missouri Class Members").**

70.     At all times hereinafter mentioned, Serco has been an employer within the meaning of the Missouri Act, R. S. Mo. § 290.500(4).

71.     At all times hereinafter mentioned, Plaintiff Sandoval and the Missouri Class Members have been employees within the meaning of the Missouri Act, R. S. Mo. § 290.500(3).

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MISSOURI ACT**

72.     All previous paragraphs are incorporated as though fully set forth herein.

73.     Serco owes Plaintiff Sandoval and the Missouri Class Members wages, as defined in section 290.500(7) of the Act, to compensate them for labor and services they provided to Serco in the furtherance of their job duties. *See* R. S. Mo. § 290.500(7).

74.     Plaintiff Sandoval and the Missouri Class Members are not exempt from receiving overtime benefits under the Missouri Act.

75.     Plaintiff Sandoval and the Missouri Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Serco violated the Missouri Act by failing to pay Plaintiff and the Missouri Class Members for all hours worked on Serco's behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* R. S. Mo. §§ 290.502, 290.505.

76. Plaintiff Sandoval and the Missouri Class Members have suffered damages and continue to suffer damages as a result of Serco's acts or omissions as described herein; though Serco is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

77. The Missouri Act provides that Plaintiff Sandoval and the Missouri Class Members are entitled to recover the unpaid wages and an equal amount as liquidated damages. *See* R. S. MO. §§ 290.527.

78. In violating the Missouri Act, Serco acted willfully, without a good faith basis and with reckless disregard of clearly applicable Missouri law.

79. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Missouri Act, is defined in Paragraph 69.

80. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Serco.

C.   **MISSOURI ACT CLASS ALLEGATIONS**

81. Plaintiff Sandoval brings her Missouri Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Serco to work in Missouri since September 17, 2016.

82. Class action treatment of Plaintiff Sandoval's Missouri Act claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

83. The number of Missouri Class Members is so numerous that joinder of all class members is impracticable.

84. Plaintiff Sandoval is a member of the Missouri Class, her claims are typical of the claims of the Missouri Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the Missouri Class Members.

85. Plaintiff Sandoval and her counsel will fairly and adequately represent the Missouri Class Members and their interests.

86. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

87. Accordingly, the Missouri Class should be certified as defined in Paragraph 69.

## VI.
## RELIEF SOUGHT

88. Plaintiff respectfully prays for judgment against Serco as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 40 and requiring Serco to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Missouri Class as defined in Paragraph 69 and designating Plaintiff Sandoval as the Class Representative of the Missouri Class;

    c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Serco liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit)

    e. For an Order pursuant to the Missouri Act awarding Plaintiff Sandoval and the Missouri Class Members unpaid wages and other damages allowed by law;

    f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff Sandoval a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of Serco, at Serco's own expense; and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 17, 2018   Respectfully submitted,

         **ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
  **Clif Alexander** *(Pro Hac Vice Anticipated)*
  Federal I.D. No. 1138436
  Texas Bar No. 24064805
  clif@a2xlaw.com
  **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
  Federal I.D. No. 777114
  Texas Bar No. 24045189
  austin@a2xlaw.com
  819 N. Upper Broadway
  Corpus Christi, Texas 78401
  Telephone: (361) 452-1279
  Facsimile: (361) 452-1284

  /s/ *Sarah Jane Hunt*
  Sarah Jane Hunt (63899MO)
  **LAW OFFICES OF THOMAS E. KENNEDY, III, L.C**.
  906 Olive St., Suite 200
  St. Louis, MO 63101
  Phone: (314) 872-9041
  Fax: (314) 872-9043
  sarahjane@tkennedylaw.com

  ***Attorneys for Plaintiff and the Putative Class Members***