# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAR'BELLA SANDOVAL, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) SERCO, INC., ) ) Defendant. ) | Case No. 4:18-CV-01562 JAR |

## MEMORANDUM AND ORDER

On May 10, 2019, this Court granted Plaintiff's Opposed Motion for Conditional Class Certification and Notice to Putative Class Members in part and conditionally certified a class of:

> **SERCO HOURLY EMPLOYEES WHO WORKED IN THE FOUR LOCATIONS THAT PROCESSED AFFORDABLE CARE ACT APPLICATIONS, SUCH AS THE GENERAL CLERK 2s, GENERAL CLERK 3s, LINGUISTS, PRODUCTION CONTROL CLERK, AND QUALITY CONTROL CLERK AND THOSE INDIVIDUALS WHO ARE PAID BY THE HOUR AND MUST TURN IN THE HOURS OVER THE DELTEK SYSTEM.**

(Doc. No. 73). The Court ordered the parties to submit a joint agreed upon notice and consent form no later than July 15, 2019.[1] In the event the parties could not agree, the Court ordered Plaintiff to submit her proposed class notice and Defendant to submit its objections thereto for the Court's consideration. (Id.). The Court is in receipt of Plaintiff's Proposed Notice and Consent Form (Doc. Nos. 78, 78-1); Defendant's Objections to Plaintiff's Proposed Notice (Doc. Nos. 79, 79-1); and Plaintiff's Response to Defendant's Objections (Doc. No. 80).

---

[1] Upon the parties' joint motion, the Court extended the deadline to July 18, 2019. (Doc. Nos. 76, 77).

As a general matter, the Court notes that the purpose of the notice form is to inform potential class members about the existence of the lawsuit and allow them to evaluate whether or not they wish to join it. Perrin v. Papa John's Int'l, Inc., No. 4:09CV01335 AGF, 2011 WL 4815246, at *3 (E.D. Mo. Oct. 11, 2011) (citing Littlefield v. Dealer Warranty Servs ., LLC, 679 F. Supp.2d at 1014, 1018 (E.D. Mo. 2010)). "[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." Id. (quoting Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). In addition, "... trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute...." Id. (quoting Hoffmann, 493 U.S. at 171). However, a court should not alter a plaintiff's proposed notice "unless certain changes are necessary." Id. (quoting Littlefield, 679 F. Supp.2d at 1018).

### A.     Form of Plaintiff's Proposed Notice

As an initial matter, the Court notes that both parties have included the following language on the first page of their proposed notices:

**Deadline to File Consent Form: _____, 2019.**

The parties identify this date in a footnote as "three years back from the date the Court enters an order approving this Notice." To the extent the parties are addressing the statute of limitations for the putative class claims, this has already been addressed in the section of the Notice concerning eligibility to join this lawsuit ("You are eligible to join this lawsuit if … You were employed by Serco in one of the four locations that processed Affordable Care Act applications at any time from three years prior to when you join the lawsuit to the present … "). As such, the footnote is unnecessary and potentially confusing to recipients of the notice. If, however, the parties are seeking to highlight the deadline for joining this lawsuit (as discussed below, the

2

Court has approved a 60 day notice period to return the consent forms), the Court will permit it with the following change:

**Deadline to File Consent Form: <u>October 18, 2019</u>.**

This date is 60 days after the dissemination date of August 19, 2019.

   1.   **Case caption**

Serco first objects to the case caption used as a heading on the first page of the notice, arguing that it creates the impression of judicial endorsement of the case. Plaintiff responds that use of the official case caption is appropriate because it advises putative class members of an official communication from the Court as opposed to a solicitation or advertisement.

While the case caption can appropriately appear in the notice, courts have found that placing the court name in the heading is improper because it may be misconstrued as judicial support for the plaintiffs' litigation. <u>Chapman v. Hy-Vee, Inc.</u>, No. 10-CV-6128-W-HFS, 2012 WL 1067736, at *3 (W.D. Mo. Mar. 29, 2012) (citing <u>Martinez v. Cargill Meat Solutions</u>, 265 F.R.D. 490, 499 (D. Neb. 2009)); <u>see also</u> <u>Fontenot v. McNeil Indus., Inc.</u>, No. 4:17CV3113, 2018 WL 5724863, at *3 (D. Neb. Sept. 19, 2018), <u>report and recommendation adopted,</u> No. 4:17CV3113, 2018 WL 5724043, at *3 (D. Neb. Nov. 1, 2018). For this reason, the Court agrees with Serco that the notice should not include the heading with the Court's name and will require Plaintiff to remove the heading "United States District Court Eastern District of Missouri Eastern Division" from her proposed Notice. Plaintiff notes this Court recently approved a notice form that included the heading and case caption in <u>Kumar v. Tech Mahindra (Americas), Inc.</u>, No. 4:16CV00905 JAR, 2017 WL 3168531 (E.D. Mo.). In that case, however, defendant had no objections to the proposed notice filed by plaintiff.

## 2. Regarding ("RE") line

Second, Serco objects to the "RE" line at the top of Plaintiff's proposed notice concerning "The Right of Current and Former Call-Center Employees Who Worked for Serco, Inc. to Join a Lawsuit Seeking Unpaid Overtime Lawsuit [sic]" on the grounds that this language could suggest the Court has already determined that recipients of the notice worked "unpaid overtime." Serco further argues this language is unnecessary given that the next line of the notice describes why the recipient is receiving it. Plaintiff responds that a "RE" line is commonly used to identify the purpose of the document for the reader and that this introductory text does not imply that the Court has determined the merits of this litigation. The Court agrees. The introductory section merely informs the recipient of a lawsuit concerning unpaid overtime. Moreover, the proposed notice is clear that "[t]he Court has not decided who is right but has authorized this notice to inform you of your right to join this lawsuit." Serco's objection will be overruled.

## 3. Potential costs to putative plaintiffs

Third, Serco objects on the grounds that the proposed Notice fails to disclose that Plaintiffs may be responsible for Serco's fees and costs if Serco prevails in the lawsuit.[2] Although courts have held that this fact should be included in the notice, see Perrin, 2011 WL 4815246, at *4 (citations omitted), here, Plaintiff states that according to her agreement with

---

[2] Paragraph 5 of Plaintiff's proposed notice states that "[i]f the Plaintiffs who filed this case lose the case, you will receive nothing and will be bound by the decision, *but you will not have to pay anything either*." (Doc. No. 78-1 at 4) (emphasis added).

Paragraph 7 states that "Plaintiffs' attorneys are advancing the expenses of the litigation. They are representing the Plaintiffs on a contingency fee basis. *No current or former Call-Center Employee who opts in to the lawsuit will owe any attorneys' fees unless the Plaintiffs win the lawsuit*." (Id.) (emphasis

counsel, this case is being litigated on a contingency fee basis. In the event plaintiffs do not prevail, it is Plaintiff's counsel, and not the individual plaintiffs, who are responsible for fees and costs. Thus, Plaintiff's proposed notice is accurate and Serco's objection will be overruled.

### 4. Reference to "CMS-ES," not "Affordable Care Act"

In its proposed notice, Serco seeks to substitute "CMS-ES," the correct name of the relevant division, for "Affordable Care Act." Plaintiff objects to the late substitution, noting that the Court used the term "Affordable Care Act" as part of the class definition and maintaining that the Notice should follow the approved language of the Court. The Court finds this substitution would not provide potential plaintiffs with any additional information necessary to make an informed decision about whether to participate. Because a court should not alter a plaintiff's proposed notice unless such alteration in necessary, Oliphant v. Sprint Corp., No *:18CV353, 2019 WL 2088052, at *3 (D. Neb. Apr. 26, 2019), Serco's request to substitute "CMS-ES" for "Affordable Care Act" will be denied.

### B. Method of Plaintiff's Proposed Notice

#### 1. Third-party administrator

In light of the Court's previous finding that Plaintiff's counsel engaged in "a concerted effort to circumvent the established notification procedure" for opt-in collective actions, Serco expresses concern about providing Plaintiff's counsel with a list of names and contact information when that information could instead be given to a neutral Third-Party Administrator. Plaintiff responds that use of a third-party administrator is improper and inconsistent with the case law of this Court, citing Littlefield, 679 F. Supp. 2d at 1018 (citing Ruggles v. Wellpoint, Inc., 591 F. Supp.2d 150, 163 (N.D.N.Y. 2008)).

---

added).

The Court will not appoint a neutral administrator to distribute the notice in this case. The Court addressed Serco's concerns and the conduct of Plaintiff's counsel by requiring Plaintiff to issue a curative notice to those plaintiffs who opted-in based on information provided them that was not approved by the Court. Accordingly, Serco shall provide Plaintiff's counsel with the names, home addresses, and e-mail addresses of all employees who may be potential plaintiffs in this case.

**2.      Notice by U.S. Mail, e-mail and postings in breakrooms**

Serco also argues that because Plaintiff has failed to suggest that First Class Mail is inadequate to effect notice, her request to send notice by e-mail or posting notice at Serco's facilities should be denied. Plaintiff responds that courts regularly authorize notice by mail, e-mail and posting.

"The Court finds little basis for imposing a presumption that notice by mail should be the only approved method of providing notice absent a showing by the plaintiffs that personal mailing would be unreliable." Simmons v. Enterprise Holdings, Inc., No. 4:10CV625, 2011 WL 1304732, at *1 (E.D. Mo. Apr. 6, 2011). The better course is to determine what constitutes fair and proper notice based on the facts of each case. Id. (citation omitted). "At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." Kautsch v. Premier Communs., 504 F. Supp.2d 685, 690 (W.D. Mo. 2007).

Notice by e-mail in addition to ordinary mail appears to be in line with the current trend among courts nationwide and "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit." Conklin v. 1-800 Flowers.com, Inc., No. 2:16-CV-675, 2017 WL 3437564, at *5 (S.D. Ohio Aug. 10, 2017) (collecting cases); see also Denney v. Lester's,

LLC, No. 4:12CV377 JCH, 2012 WL 3854466, at *4 (E.D. Mo. Sept. 5, 2012); White v. 14051 Manchester, Inc., No. 4:12CV469 JAR, 2012 WL 5994263, at *8 (E.D. Mo. Nov. 30, 2012), modified in part, No. 4:12CV469 JAR, 2012 WL 6607835 (E.D. Mo. Dec. 18, 2012); Koenig v. Bourdeau Const. LLC, No. 4:13CV00477 SNLJ, 2013 WL 5876712, at *5 (E.D. Mo. Oct. 31, 2013); Cooper v. Integrity Home Care, Inc., No. 4:16-CV-1293-DGK, 2018 WL 3468372, at *7 (W.D. Mo. July 18, 2018). Likewise, posting notice appears to be a common practice. See, e.g., Denney, 2012 WL 3854466, at *4; White, 2012 WL 5994263, at *8; O'Donnell v. SW. Bell Yellow Pages, Inc., No. 4:11CV1107, 2012 WL 1802336, at *4 (E.D. Mo. May 17, 2012). For these reasons, the Court finds fair and proper notice will be accomplished by regular mail, e-mail, and postings in Serco's break rooms.

### 3. Notice period/reminder notices

Plaintiff requests a 60 day notice period to return the consent forms as well as a reminder notice to be sent thirty days before the expiration of the opt-in deadline. Serco contends that a 45 day notice period is sufficient, particularly since hundreds of potential plaintiffs have already been notified by Plaintiff of their right to join this lawsuit.

There is a range of authority regarding the appropriate length for the opt-in period. See e.g.,Ondes v. Monsanto Co., No. 4:11CV197 JAR, 2012 WL 13055951, at *5 (E.D. Mo. Jan. 11, 2012) (adopting a 90 day notice period); Perrin, 2011 WL 4815246, at *3 (adopting a 60 day notice period); Greenwald v. Phillips Home Furnishings, Inc., No. 4:08CV1128 CDP, 2009 WL 1025545, at *1 (E.D. Mo. April 15, 2009) (allowing 45 days to opt-in); Martinez, 265 F.R.D. at 501 (allowing 45 days to opt-in). Given the size of the potential class in this action, the Court concludes that a 60 day period will fully and fairly allow for the provision of notice to potential plaintiffs.

Given the breadth of forms of notice available to Plaintiff, the Court finds providing "reminder" notices to potential class members unnecessary and redundant. Denney, 2012 WL 3854466, at *4. The Court will therefore deny Plaintiff's request for permission to send reminder notices.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's proposed Notice of Collective Action Lawsuit and Consent Form (Doc. No. 78-1) is approved subject to the changes set forth herein.

**IT IS FURTHER ORDERED** that within ten (10) days from the date of this Order and **no later than Thursday, August 8, 2019**, Defendant shall provide Plaintiffs' counsel with a list of the names, home addresses and personal e-mail addresses of the Putative Class Members in a useable electronic format.

**IT IS FURTHER ORDERED** that within twenty-one (21) days from the date of this Order and **no later than Monday, August 19, 2019**, Plaintiff's counsel shall send by mail and e-mail the Court-approved Notice and Consent Form to the Putative Class Members and Defendant shall post a copy of the Notice and Consent Form at its four facilities processing Affordable Care Act applications.

**IT IS FURTHER ORDERED** that Putative Class Members who receive the Notice shall have sixty (60) days from the dissemination date of the Notice to submit their Consent to Join forms.

Dated this 29th day of July, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**