UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAR'BELLA SANDOVAL, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:18-CV-01562 JAR |
| SERCO, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion for Leave to File Memorandum in Support of Unopposed Motion for Approval of FLSA Settlement and Confidential Settlement Agreement Under Seal. (Doc. No. 167).

Courts in this district frequently permit parties to submit FLSA settlement agreements under seal. See, e.g., Ezell v. Acosta, Inc., No. 4:16-CV-870 RLW, 2019 WL 8160704 (E.D. Mo. Apr. 4, 2019). Such precedent does not, however, change the fundamental principle that there is a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The Eighth Circuit has recognized the "presumption of public access" to certain filings, IDT Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013), and at least one court in this circuit has suggested that the presumption in favor of openness is particularly strong when the document at issue is a FLSA settlement agreement. See Hart v. ITC Serv. Grp., Inc., No. 4:15-CV-00599-DGK, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017) (citing In re Sepracor Inc. FLSA Litig., MDL No. 2039-DGC, 2009 WL 3253947, at *1-2 (D. Ariz. Oct. 8, 2009)). The parties must offer a compelling reason to overcome this presumption, and the

balancing of competing factors is ultimately left to the sound discretion of the trial court. IDT Corp., 709 F.3d at 1223 (quoting Nixon, 435 U.S. at 599).

Here, the parties contend that "[t]he Settlement Agreement … contains terms and provisions which, if disclosed on the record, would defeat important purposes of the Settlement Agreement, which was to resolve the Parties' disputes and claims in a confidential manner, without requiring the Parties to disclose in a public record the specific terms of their confidential settlement." (Doc. No. 167 at 2). This Court recognizes the legitimate public interest in encouraging settlement. See Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1149 (8th Cir. 1999). The Eastern District of Missouri, however, is considering a revised local rule which clarifies and expands public access to court records. Such change is consistent with the general trend of declining to seal documents unless there is a compelling reason to do so. With these developments in mind, and considering the parties' statement that confidentiality of "specific terms" is imperative, this Court will require the parties to either (1) explain why a redacted version of the Settlement Agreement cannot adequately preserve confidentiality or (2) publicly file a redacted version of the settlement agreement while filing the entire agreement under seal for this Court's consideration.

Accordingly,

**IT IS HEREBY ORDERED** that, **no later than Tuesday, April 13, 2021**, the parties shall file either (1) supplemental briefing explaining why a redacted version of the Settlement Agreement cannot adequately preserve confidentiality; or (2) a redacted version of the Settlement Agreement.

Dated this 6th day of April, 2021.

                                                /s/ John A. Ross
                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**