UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAR'BELLA SANDOVAL, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:18-CV-01562 JAR |
| SERCO, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

This matter is before the Court on Plaintiff Mar'Bella Sandoval's Unopposed Motion for Approval of FLSA Settlement. (Doc. No. 168). This case was brought under § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and, as a result, any settlement must be approved by the Court.[1] Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). In support of the motion, Plaintiff has submitted a memorandum detailing the terms of the proposed settlement and her assertions that it is the product of contested litigation and reflects a fair and reasonable resolution of a bona fide dispute between the parties. The Court granted the parties leave to file their supporting memorandum and exhibits under seal but denied them leave to file the Settlement Agreement under seal. (Doc. No. 172). Instead, the Court allowed them to redact the monetary terms of the settlement amounts in the publicly filed Settlement Agreement. (Doc. No. 171). Because the Court finds that the settlement is fair and equitable to the parties, it will approve the settlement.

---

[1] Plaintiff also brought claims under the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, et seq.

1

"A district court may only approve a settlement agreement in a case brought under § 2l6(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." Williams v. BPV Mkt. Place Investors, L.L.C., No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014).

Here, the settlement is the product of contested litigation. This case was brought on September 17, 2018 by Plaintiff, in her individual capacity and on behalf of all others similarly situated, against Defendant Serco, Inc. ("Serco") pursuant to § 216(b) of the FLSA for its alleged failure to compensate its hourly-paid, non-exempt employees for all hours worked, including overtime hours. (Doc. No. 1). On November 9, 2018, Serco filed its answer denying Plaintiff's claims and asserting numerous affirmative defenses. (Doc. No. 37). Thereafter, Plaintiff filed her Opposed Motion for Conditional Certification and Notice to the Putative Class Members. (Doc. No. 38). After extensive briefing, this Court granted Plaintiff's motion on May 10, 2019, and authorized issuance of the Court-approved notice and consent form.[2] (Doc. No. 73). The parties engaged in further substantive briefing as they disputed the content of the notice ordered by the Court. To date, 894 individuals have opted-in to this litigation as party plaintiffs. As a result, the Court finds the parties have a bona fide dispute.

After the close of the Opt-In Period, the parties conferred and determined to mediate the case. To that end, the parties sought a stay of this litigation and Serco informally produced payroll records and other relevant data for Plaintiff and Opt-In Plaintiffs. Serco's informal document production enabled Plaintiffs' counsel to create a detailed and specific damage model that allowed Plaintiff to negotiate on behalf of the class based upon a fully informed position. Mediation was initially scheduled to take place in the spring of 2020 but was rescheduled to

---

[2] The Court also required Plaintiff to withdraw the opt-in consent forms already on file and send curative

October 30, 2020 due to the Covid-19 pandemic. In the meantime, after multiple demands and counteroffers made over a course of weeks, the parties were able to resolve this matter without formal mediation.

In determining whether a settlement is fair and reasonable under the FLSA, factors a court may consider include "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." Pendergrass v. Bi-State Utilities Co., No. 4:18-CV-01092-NCC, 2019 WL 3532005, at *1 (E.D. Mo. Aug. 2, 2019) (quoting Williams, 2014 WL 5017934, at *1). "In making a fairness determination, courts should be mindful of the strong presumption in favor of finding a settlement fair." Donoho v. City of Pac., Missouri, No. 4:19-CV-186 NAB, 2019 WL 5213023, at *1 (E.D. Mo. Oct. 16, 2019) (citations omitted); see also Petrovic v. AMOCO Oil Co., 200 F.3d 1140, 1149 (8th Cir. 1999) (citations omitted) (a "strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

Considering the totality of the circumstances, the Court finds the proposed settlement is reasonable and fair to all parties. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, yet the litigation is not so advanced that the parties will not realize significant benefits by settling before filing dispositive motions and proceeding to trial. The parties have been represented by experienced and competent counsel and the settlement reflects a compromise based on the merits of Plaintiffs' claims. Therefore, the Court finds no basis to doubt that the settlement is fair and equitable to all parties.

---

notices to those individuals inviting them to rejoin the litigation.

As for the attorney's fees award to Plaintiffs' counsel, the Court notes the Eighth Circuit recently held that district courts have no authority under the FLSA to review settled attorneys' fees so long as the parties negotiated those fees separately from settlement of the merits. Barbee v. Big River Steel, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019). Here, the parties represent that the amount of attorneys' fees Plaintiffs' counsel will receive under the terms of the Settlement Agreement were in fact negotiated separately from the Plaintiffs' FLSA claims, and does not impact the settlement sums received by the Plaintiffs. (Doc. No. 169 at 9-10). Because the agreed attorneys' fees do not lead the Court to determine that the settlement agreement itself is unreasonable, the Settlement Agreement – including the attorneys' fees – will be approved without inquiry or comment into the reasonableness of those fees. Kappelmeier v. Wil-Shar, Inc., No. 5:18-CV-05181, 2019 WL 4229686, at *2 (W.D. Ark. Sept. 4, 2019) (citing Melgar v. OK Foods, 902 F.3d 775, 779-80 (8th Cir. 2018) and Barbee, 927 F.3d at 2019).

Lastly, the Court has reviewed and approved only the material terms of the proposed settlement as they relate to Plaintiffs' FLSA claims. "No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." King v. Raineri Const., LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *4 (E.D. Mo. Feb. 12, 2015) (quoting Carrillo v. Dandan Inc., 51 F. Supp. 3d 124, 134 (D.D.C. 2014)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mar'Bella Sandoval's Unopposed Motion for Approval of FLSA Settlement [168] is **GRANTED.**

A separate order of dismissal will accompany this Memorandum and Order.

4

Dated this 16th day of April, 2021.

                                                  _____
                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**